**Opinion issued January 20, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————————

## NO. 01-20-00551-CV

———————————————

**ANH PHAN, Appellant**

**V.**

**CL INVESTMENTS, LLC; CUC THU DO; AND MANTENON PHAN, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-76626**

---

## MEMORANDUM OPINION ON REHEARING

Appellees CL Investments, LLC; Cuc Thu Do; and Mantenon Phan have filed

a motion for rehearing and a motion for en banc reconsideration of our December 2,

2021 opinion and judgment.[1] We deny the motion for rehearing, withdraw our opinion and judgment of December 2, 2021, and issue this memorandum opinion and new judgment in their stead. We dismiss the appellees' motion for en banc reconsideration as moot.[2]

This appeal arises from the second lawsuit between Anh Phan and the appellees. Anh, the appellant, sued the appellees to collect on a promissory note; the trial court rendered summary judgment for the appellees and denied Anh's motion for summary judgment. We reverse, render judgment for Anh, and remand to the trial court for a determination of the recoverable interest, costs, and attorney's fees.

## BACKGROUND

In March of 2018, Anh wired $50,000 to CL Investments. Cuc Thu Do and Mantenon Phan, the sole members and managers of CL Investments, used the money to purchase a piece of property on behalf of the company, and so they signed a promissory note and deed of trust in favor of Anh. The appellees began making

---

[1]    *See* TEX. R. APP. P. 49.1, 49.5.

[2]    Because we issue a new opinion, the motion for en banc reconsideration is moot. *In re Wagner*, 560 S.W.3d 311, 312 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) ("Because we issue a new opinion in connection with the denial of rehearing, the motion for en banc reconsideration is rendered moot."); *see also Poland v. Ott*, 278 S.W.3d 39, 41 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (noting that motion for en banc reconsideration rendered moot by withdrawal and reissuance of opinion and judgment); *Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 41 n.4 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (supp. op. on reh'g) (noting that motion for en banc reconsideration rendered moot when motion for rehearing granted and new opinion and judgment issue).

monthly payments to Anh according to the terms of the promissory note. Anh, however, believed the money she gave to the appellees was in exchange for a partnership interest in a real estate investment, not a loan. She believed that when the appellees used the money to purchase the property, they fraudulently converted her $50,000 partnership interest into a loan and promissory note, and she lost the value of her investment. Anh demanded immediate repayment of her money, and when that demand was unsuccessful, she filed the first lawsuit.

In the first lawsuit, Anh asserted two claims: breach of contract and fraud. She claimed that there had been an oral agreement between the appellees and herself to form a partnership to invest the money she gave them and that the appellees breached that agreement when they converted her $50,000 into a promissory note without her consent. She also claimed that the appellees committed fraud by misrepresenting how they intended to use her money.

The appellees filed a counterclaim seeking a declaratory judgment that the promissory note and deed of trust were invalid and unenforceable. In response to the appellees' requests for admissions, Anh admitted that the promissory note and deed of trust were invalid and unenforceable. The appellees then moved for partial summary judgment on this counterclaim; Anh did not respond to the motion. The trial court granted the appellees' motion for partial summary judgment. Three days

later, the appellees recorded a release of the deed of trust based on the court's order. The appellees stopped making monthly payments under the promissory note.

In response to discovery abuses, the trial court granted the appellees' third motion for sanctions; the court struck Anh's petition and dismissed her claims with prejudice on January 31, 2019. Thereafter, the appellees filed a nonsuit of their claims without prejudice. On February 5, 2019, the trial court took notice of the nonsuit and dismissed the claims without prejudice.

Eight months later, Anh filed the second lawsuit against the same parties in the same trial court. In this lawsuit, she asserted one claim: a claim to collect on the promissory note. The appellees moved for summary judgment on two related grounds: (1) res judicata barred this second suit; and (2) the trial court's summary-judgment order in the first lawsuit declared the promissory note invalid and unenforceable. Anh also moved for summary judgment on her claim to collect on the promissory note. The trial court granted the appellees' motion and denied Anh's motion, rendering final judgment for the appellees. Anh now appeals the trial court's granting and denying of those summary-judgment motions.

**STANDARD OF REVIEW**

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Under the traditional standard for summary judgment, the movant has the burden to show that there is no genuine issue

4

of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment on an affirmative defense must conclusively establish each element of the affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the unsuccessful party may appeal both the successful party's motion and the denial of her own motion. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). We must review both sides' summary-judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). We may affirm the summary judgment or reverse and render judgment on the unsuccessful party's motion. *Holmes*, 924 S.W.2d at 922. When, as here, a summary-judgment order does not specify the grounds on which it

was granted, we will affirm the judgment if any one of the theories advanced before the trial court is meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## DISCUSSION

Anh raises two issues on appeal: she claims the trial court erred in granting the appellees' summary-judgment motion on the ground of res judicata and that the trial court erred in denying her summary-judgment motion to collect on the promissory note.

## A. Anh's Promissory-Note Claim is Not Barred by Res Judicata

The appellees moved for summary judgment in the second lawsuit on the affirmative defense of res judicata. The appellees argued that because Anh's claim in the second lawsuit arose out of the same facts that formed the basis of the first lawsuit—the transfer of $50,000—the claim in the second lawsuit is now barred. Anh, however, argues that the factual bases for the two claims are different: the first lawsuit was based on the appellees' alleged agreement to form a partnership with Anh, but the second lawsuit was based on their nonpayment of the promissory note. Further, she claims there was no final determination on the merits in the first lawsuit.

Res judicata, or claim preclusion, is an affirmative defense that prevents the relitigation of a claim that has been finally adjudicated and any claims that should have been litigated in a prior suit. *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed.*

6

*Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). A party asserting res judicata must prove: (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Joachim*, 315 S.W.3d at 862.

The second element of res judicata, identity of the parties, is not in dispute, and so we consider only the first and third elements.

### 1. There was no prior final determination on the merits

The appellees argue there was a final determination on the merits in the first lawsuit because (1) the trial court dismissed Anh's claims with prejudice; and (2) the trial court granted the appellees' motion for partial summary judgment to declare the promissory note invalid and unenforceable.

In the first lawsuit, Anh brought claims for breach of contract and fraud relating to an alleged oral agreement. Those claims have been finally determined on the merits because the trial court dismissed the claims with prejudice, and dismissal with prejudice is a final determination on the merits. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). An order dismissing a claim with prejudice has "full res judicata and collateral estoppel

effect." *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

Anh's claim in the second lawsuit, however, was to collect on the promissory note, a claim she did not bring in the first lawsuit and thus a claim that has not been dismissed with prejudice. The appellees argue that the trial court in the first lawsuit issued a final determination on the merits declaring the promissory note invalid and unenforceable when it granted their motion for partial summary judgment, and therefore Anh cannot now maintain a claim based on the promissory note. However, because of the interlocutory nature of the partial summary judgment, an irregularity in the order granting the partial summary judgment, and the appellees' nonsuit of the claim, there has been no final determination on the merits regarding whether the promissory note is invalid and unenforceable.

*(a) The partial summary judgment was interlocutory*

In the first lawsuit, the appellees moved for a partial summary judgment to declare the promissory note invalid and unenforceable. A partial summary judgment on only some of the issues in a case is an interlocutory order; it becomes final only on the disposition of the remaining issues in the case. *See Newco Drilling Co. v. Weyand*, 960 S.W.2d 654, 656 (Tex. 1998) (per curiam); *Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) (per curiam). The trial court retains continuing control over interlocutory orders and has the power to set those orders

aside any time before a final judgment is entered. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). A partial summary judgment that is interlocutory and not appealable is not a final judgment and cannot support a claim of res judicata. *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991). Therefore, the trial court's order granting the appellees' motion for partial summary judgment was an interlocutory order and not a final judgment that could support a claim of res judicata.

*(b) The order granting partial summary judgment lacked decretal language*

The trial court granted the appellees' motion for partial summary judgment but struck the language declaring the promissory note invalid and unenforceable. The court's order, without the struck language, read in its entirety: "On _____, [sic] 2018, the Court considered Counter-Plaintiff CL Investments, LLC's Motion for Partial Summary Judgment. After considering the Motion, the Response, and arguments of counsel, the Court GRANTS the Motion." The language struck by the court read, "It is therefore Adjudged, Decreed, and Ordered that the Promissory Note and Deed of Trust attached to this Order as Exhibits A and B respectively are invalid, unenforceable, and of no further force and effect."

The decretal portion of a judgment—the "adjudged, decreed, and ordered" language struck by the trial court here—is the "heart of the judgment, without which it is devoid of vitality." 5 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON,

9

TEXAS CIVIL PRACTICE § 27:24 (2d. ed. 2020); *see also State v. Reagan Cty. Purchasing Co.*, 186 S.W.2d 128, 134 (Tex. App.—El Paso 1944, writ ref'd w.o.m.) (explaining that "decretal" means the granting or denying of the remedy sought). "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam). An order that does not actually dispose of any claim or party because it lacks the "ordered, adjudged, and decreed" language typically seen in a judgment is not a final, appealable judgment. *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

The trial court's order granting the appellees' motion for partial summary judgment in the first lawsuit merely granted the motion for judgment but "adjudicate[d] nothing" without the decretal language. *See Naaman*, 126 S.W.3d at 74. The partial summary judgment, both because of its interlocutory nature and the lack of the decretal language, was not a final judgment adjudicating the validity of the promissory note.

*(c) The appellees' nonsuit following the partial summary-judgment order lacking decretal language did not adjudicate the claim*

After the appellees obtained the order granting partial summary judgment in the first lawsuit, they nonsuited their counterclaims. The court took notice of their nonsuit and dismissed the counterclaims without prejudice. A party has an absolute

right to nonsuit his case at any time before he has introduced all of his evidence other than rebuttal evidence. TEX. R. CIV. P. 162; *BHP Petrol. Co. Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990). "A nonsuit without prejudice does not adjudicate the rights of the parties but merely places them in the positions in which they would have been, had suit not been brought." *McGowen v. Huang*, 120 S.W.3d 452, 462 (Tex. App.—Texarkana 2003, pet. denied).

Because the order granting partial summary judgment lacked decretal language and because the appellees nonsuited their claims rather than seeking a final, appealable judgment, the appellees' counterclaim to declare the promissory note invalid and unenforceable has not been adjudicated. There were two court orders regarding the appellees' counterclaim to declare the promissory note invalid and unenforceable: the partial summary judgment and the order acknowledging the nonsuit, but neither one contained decretal language actually declaring the promissory note invalid and unenforceable. This claim, therefore, has not been adjudicated, and there has been no final determination on the merits.

The Supreme Court has held that a party may not use a nonsuit to avoid an unfavorable partial summary judgment. Once a court issues a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam). A party's nonsuit after a claim is adjudicated in favor of the opposing party operates

11

as a dismissal with prejudice as to the issues decided in favor of the opposing party. *Id.*

The Supreme Court's holding in *Alvarado* is distinguishable from the instant case, however. *Alvarado* requires a plaintiff's nonsuit to be treated as a dismissal with prejudice "as to the issues pronounced in favor of the defendant" after a claim is adjudicated. *Id.* But the order granting partial summary judgment in this case lacks decretal language and therefore "adjudicates nothing." *See Naaman*, 126 S.W.3d at 74. Further, *Alvarado* only discusses the situation in which a claimant tries to avoid an unfavorable ruling by taking a nonsuit after a partial summary judgment is granted for the opposing party; *Alvarado* does not address the facts in this case—a claimant choosing to nonsuit after its own motion for partial summary judgment has been granted.

Our sister court, extending the holding in *Alvarado*, has determined that a nonsuit does not affect an earlier summary-judgment ruling even if it is favorable to the party taking the nonsuit. *Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding nonsuit did not affect favorable partial summary-judgment ruling); *Johnson v. Evans*, No. 14-08-00610-CV, 2010 WL 431293, at *4 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, pet. denied) (mem. op.) (holding nonsuit did not affect first favorable final judgment in partition action involving two final judgments).

12

However, *Johnson* was decided on the basis of a nonsuit taken after the first of two final judgments, a procedure unique to partition actions. *Johnson*, 2010 WL 431293, at *3. There was no question in *Johnson* whether the first order preceding the nonsuit was a final judgment. *See id.* at *3–*4 (stating "primary issue" in that case was whether "plaintiff, *in a partition action*," may use nonsuit to remove favorable final judgment). *El Naggar* then applied and extended *Johnson*'s reasoning to a nonsuit taken after a favorable partial summary-judgment order. *El Naggar*, 340 S.W.3d at 557. Because neither case involved a partial summary-judgment order lacking decretal language as this case does, these cases are distinguishable.

Neither the trial court's interlocutory partial summary judgment lacking the decretal language nor the court's order noticing the appellees' nonsuit and dismissing their claims without prejudice finally adjudicated the validity and enforceability of the promissory note, and there has been no final determination on the merits. Therefore, the appellees have failed to establish the first element of res judicata as a matter of law.

## 2. The promissory note claim could not have been raised in the first action

The appellees argue that Anh's claim to collect on the promissory note was related to the same transaction as her claims in the first lawsuit and should have been brought with the earlier claims. Anh, on the other hand, argues that the factual bases for the claims are different: new facts occurred after the first lawsuit was dismissed

that gave rise to her new claim—the appellees stopped making payments under the promissory note.

To determine the third element of res judicata, whether a later action is based on the same claims as were or could have been raised in an earlier action, Texas follows a transactional approach. *Barr*, 837 S.W.2d at 631. Any cause of action or defense that "arises out of the same subject matter" or transaction as a previous suit and that could have been litigated in the prior suit will be barred in a later suit. *Id.* A judgment in one suit does not bar a later suit on the same question when facts have changed or new facts have occurred. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam).

In the first lawsuit, Anh alleged that she gave the appellees $50,000 and, in exchange, was promised a partnership. She claimed the appellees breached the oral agreement and misrepresented that they would invest her money and make her a partner; instead, they issued a deed of trust and promissory note. In the second lawsuit, Anh alleged again that she gave the appellees $50,000 and that the appellees issued a deed of trust and promissory note, but this time she alleged that the appellees breached the promissory note by not making payments under it. She alleged that the appellees stopped making payments after January 2019, a fact that had not occurred when she brought the first lawsuit in 2018. She could not have brought the promissory note claim along with her claims in the first lawsuit because the facts

giving rise to it had not occurred. *See Martin*, 989 S.W.2d at 359. The second lawsuit arose from a different subject matter than the first lawsuit, and so the appellees have failed to establish the third element of res judicata.

The appellees argue, for the first time on appeal, that quasi-estoppel should also bar Anh's promissory note claim. Although the issue is not properly before us, *see* TEX. R. APP. P. 33.1 (preservation of error), quasi-estoppel does not bar Anh's claim. Quasi-estoppel prevents a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be "unconscionable" to allow a person to maintain an inconsistent position to which she acquiesced or from which she accepted a benefit. *Id.* Anh has adopted inconsistent positions in the two lawsuits, but she has not accepted a benefit from her earlier denial of the promissory note, nor would it be unconscionable to allow her to collect on the promissory note arising from her giving $50,000 to the appellees.

The appellees have not conclusively established each element of their affirmative defense of res judicata, and so the appellees did not meet their summary-judgment burden. *See Sci. Spectrum*, 941 S.W.2d at 911. Therefore, the trial court erred in granting summary judgment for the appellees.

Anh's first point of error is sustained.

**B. Anh established her claim to collect on the promissory note**

Anh next argues the trial court erred in denying her motion for summary judgment to collect on the promissory note. She argues she has provided conclusive evidence of each element of the claim. The appellees primarily rely on their res judicata argument, arguing Anh cannot maintain an action on the promissory note after her claims in the first lawsuit were dismissed with prejudice. Having concluded that res judicata does not bar Anh's claim to collect on the promissory note, we turn now to the merits of her promissory note claim.

To prevail on a summary-judgment motion, a plaintiff seeking to collect on a promissory note must prove: (1) the existence of the promissory note in question; (2) the defendant signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note. *Wells Fargo Bank, N.A. v. Ballestas*, 355 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Both Anh and the appellees introduced copies of the promissory note; although the appellees objected to Anh's evidence as unauthenticated, the appellees produced an authenticated copy of the promissory note. To the extent the appellees' objection was valid, it is moot. The promissory note states that CL Investments promises to pay Anh the principal sum of $50,000 in monthly payments of $555.10,

and the note is signed by Cuc Thu Do and Mantenon Phan, authorized representatives of CL Investments. This evidence is sufficient to establish the first three elements of Anh's claim. *See Strickland v. Coleman*, 824 S.W.2d 188, 191 (Tex. App.—Houston [1st Dist.] 1991, no writ) (introducing promissory note into evidence makes prima facie case for the holder where execution of the note has not been denied). The appellees have not denied that the note existed, that they signed it, that Anh was the holder of the note, or that they stopped making payments on the note.

As for the fourth element, the balance due and owing on the note, Anh provided an unsworn declaration stating that the appellees:

- sent her a total of ten checks, but she only deposited one; and

- stopped sending her checks and therefore owe her $49,444.90 on the promissory note, plus interest and attorney's fees.

At the trial court level, the appellees objected to both the form and the substance of Anh's unsworn declaration, but they did not secure a trial court ruling on these objections and did not raise the objection to substance on appeal. Therefore, these issues are waived, and we may consider Anh's unsworn declaration as part of the summary-judgment record. *Vice v. Kasprzak*, 318 S.W.3d 1, 19 n.10 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (in absence of trial court ruling or order, objections to summary-judgment evidence are waived and allegedly inadmissible summary-judgment evidence remains part of summary-judgment record); *ACI*

*Design Build Contractors Inc. v. Loadholt*, 605 S.W.3d 515, 518 (Tex. App.—Austin 2020, pet. denied) (applying affidavit error-preservation requirements to unsworn declarations).

Anh's unsworn declaration stating the balance due and owing on the note is sufficient to establish the fourth element of her claim to collect on the promissory note. The appellees have offered no evidence to show they paid any more than one $555.10 check under the note, and the appellees' pleadings, as well as the release of deed of trust they recorded in Harris County and introduced in support of their summary-judgment motion, suggest they did stop making payments under the note.

Anh met her summary-judgment burden to establish her claim to recover on the promissory note and show there is no genuine issue of material fact, *see* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick*, 988 S.W.2d at 748, and therefore the trial court erred in not granting summary judgment for Anh.

Anh's second point of error is sustained.

## CONCLUSION

The appellees did not establish their affirmative defense of res judicata, but Anh conclusively established her claim to collect on the promissory note. We therefore reverse the trial court's granting of the appellees' motion for summary judgment and the denial of Anh's motion for summary judgment, and we render judgment in favor of Anh and against CL Investments, LLC in the amount of

$49,444.90. We also reverse the trial court's assessment of costs and remand for further proceedings on the issue of interest, costs, and attorney's fees.


                                       Gordon Goodman
                                       Justice

Panel consists of Justices Goodman, Landau, and Countiss.